UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NKEMJIKA BONLIONEL IKE**             CIVIL ACTION NO. 2:11-cv-2077
   A#078379928; Reg. #44981-265

                                       SECTION P
**VERSUS**
                                       JUDGE TRIMBLE

**J.P. YOUNG, ET AL.**                 MAGISTRATE KAY

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] file by plaintiff Nkemjika Bonlionel Ike on November 28, 2011. At the time of filing, plaintiff was an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE) and was detained at the Federal Detention Center, Oakdale (FCIO), Louisiana. He complains about events that occurred at FCIO. Plaintiff was subsequently transferred to the Escambia County Jail, Pensacola, Florida, and then to LaSalle Detention Center, Jena, Louisiana. On September 10, 2012, plaintiff filed a change of address notice directing the court to send correspondence to an address in Hiram, Georgia.[2] He names thirty-four defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It is assumed that all of the defendants are agents or employees of the federal government.

[2] *Ike v. Rodriguez*, 2:11-cv-2024 (U.S. District Court W. D. La.)

**STATEMENT OF THE CASE**

Plaintiff alleges that he was denied access to the courts. More specifically, he states that legal documents and mail were confiscated and or destroyed, that he was not allowed to purchase postage stamps, that he was denied pencils, paper, and copying services, and that he was denied access to the law library. As relief for the above plaintiff asks this court to shut down the Special Housing Unit (SHU) and for $100,000,000.00 in compensatory damages.

1.  *Law and Analysis*

At the time of filing, plaintiff was an immigration detainee. This case is nevertheless subject to the screening provisions of § 1915(e)(2)(B). *Politis v. Dyer*, 126 F. App'x 648, 649 (5th Cir. 2005).

When plaintiff has been granted leave to proceed *in forma pauperis* the district court is obliged to dismiss the case if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5 th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Civil rights plaintiffs must, however, support their claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

The court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed.

2. ***Access to the Courts/Law Library***

Plaintiff is correct in his assertion that prisoners are guaranteed the right of access to the courts. However, in this action, plaintiff's claims do not rise to the level of a constitutional violation.

In *Bounds v. Smith*, 430 U.S. 817, 822 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *See also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, "it encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement.'" *Id*. at 310–311.

In *Lewis v. Casey* 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), the Supreme Court found that the right of access to the courts does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. *Id*., at 2182. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order

to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. *Id*.

Further, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. *See Lewis* at 2182 ("Of course, we leave it to prison officials to determine how best to ensure that inmates ... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement"). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993).

The Supreme Court also explained in *Lewis* that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the suffered "actual injury," i.e. that the denial of access "hindered his efforts to pursue a legal claim." *Lewis,* 518 U.S. at 351;  *see also Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998) (without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991)(A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice.)

In the instant case, plaintiff has not demonstrated that defendants' alleged actions hindered his ability to pursue a legal claim. In fact, plaintiff has filed at least eighteen (18) complaints in this court. Accordingly, absent any cognizable injury or prejudice, plaintiff cannot

raise a claim of denial of access to the courts and his claims should be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1).

3. *Injunctive Relief*

As previously stated, plaintiff has been transferred from FCIO. Therefore, his requests for injunctive relief are moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of returning to FCIO would make his claims capable of repetition yet evading review. *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975). Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at FCIO. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At its most lenient, the standard is not mathematically precise and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

Even under the most permissive interpretation, plaintiff's complaint does not, and cannot, meet the standard. Simply put, plaintiff has been released from the custody of FCIO and his requests for injunctive relief are moot. *See Herman v. Holiday*, 238 F.3d 660 (5th Cir.2001)(even if plaintiff had established an Eighth Amendment violation, his transfer from the

offending institution rendered his claims for declaratory and injunctive relief moot) citing *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991); *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).

Therefore,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of June, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE